IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOE ANTONIO AGUIRRE                              *
3750 16th Street, NW, Suite 55                   *
Washington, DC 20010                             *
                                                 *
        PLAINTIFF                                *
                                                 *
v.                                               *        Case No.:
                                                 *
WISEYS #1, LLC                                   *
1440 Wisconsin Avenue, NW                        *
Washington, DC 20007                             *
                                                 *
Serve:  Royal Service Company, Inc.              *
5335 Wisconsin Avenue, NW, Suite 440             *
Washington, DC 20015                             *
                                                 *
And                                              *
                                                 *
NABEEL AUDEH                                     *
1332 35th Street, NW                             *
Washington, DC 20007                             *
                                                 *
        DEFENDANTS.                              *
*************************************************************************

## COMPLAINT

Plaintiff Noe Antonio Aguirre ("Plaintiff"), by and through undersigned counsel,

hereby submits his Complaint against Defendants Wiseys #1, LLC ("Wiseys") and

Nabeel Audeh ("Audeh") (together, "Defendants")  to recover damages under the Federal

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") and

the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 et seq.

("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of the District of Columbia.  By participating

as a named plaintiff in this action, Plaintiff hereby consents to participate in an action

under the FLSA and DCMWA.

    2.      Plaintiff has filed this action against both of his "employers" while performed work duties in the District of Columbia.

    3.      The FLSA and DCMWA define "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *See Del Villar v. Flynn Architectural Finishes,* 664 F.Supp.2d 94, 96 (D.D.C. 2009) (Because the DCMWA and FLSA contain nearly identical provisions with respect to employers' liability, the DCMWA is to be construed consistently with the FLSA).

    4.      Wiseys is a limited liability company formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

    5.      On information and belief, at all times during Plaintiff's employment period, Audeh was the primary owner and managing officer of Wiseys.

    6.      At all times during the period of Plaintiff's employment, Audeh had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

    7.      At all times during the period of Plaintiff's employment, Audeh supervised Plaintiff's work duties to ensure Plaintiff work was of sufficient quality.

    8.      At all times during the period of Plaintiff's employment, Audeh set and controlled Plaintiff's work schedule.

    9.      At all times during the period of Plaintiff's employment, Audeh set and determined Plaintiff's rate and method of pay.

    10.      On information and belief, at all times during the period of Plaintiff's employment, Audeh maintained what few employment records exist relating to Plaintiff or caused such records to be maintained.

11.     At all times during the period of Plaintiff's employment, Audeh controlled and were both in charge of the day-to-day operations of Defendants' business operation.

12.     At all times during Plaintiff's employment, Defendants sold products that originated and otherwise traveled outside of the Washington, D.C. and the United States and thus Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

13.     On information and belief, each year during Plaintiff's employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

14.     At all times during Plaintiff's employment, Plaintiff and other individual employees, while engaged in his employment duties, handled, sold, and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was individual employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15.     Pursuant to the foregoing, at all times, both Defendants were Plaintiff's "employers" for purposes of the FLSA and DCMWA.

16.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

17.     Plaintiff commenced his employment with Defendants in or about July 2014.

18.     Plaintiff ended his employment with Defendants in or about May 2015.

19.     While employment, Plaintiff's exact hours worked varied slightly from week to week.

20.     While in Defendants' employ, Plaintiff typically and customarily worked about fifty-five (55) or more hours per week.

21.     At all times, Defendants paid Plaintiff as an hourly employee.

22.     At all times, Defendants paid Plaintiff at his regular hourly rate for all hours worked per week including overtime hours worked per week in excess of forty (40).

23.     Defendants should have paid Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked each week in excess of forty (40).

24.     At no time did Defendants pay Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked each week in excess of forty (40).

25.     At no time during Plaintiff's employment did Plaintiff perform work duties that would make Plaintiff exempt from the overtime requirement of the FLSA or DCMWA.

26.     An employer who violates the FLSA and DCMWA overtime provisions are ordinarily "liable to the employee or employees affected in the amount of their unpaid

minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

27.     The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

28.     The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," not simply the absence of bad faith. *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C. 1999) (citation omitted).

29.     Here, Defendants' failure to pay Plaintiff wages as required by Federal Law and District of Columbia law was not the product of good faith and Defendants had no reasonable grounds for believing their failure to pay Plaintiff overtime compensation at the legal rate was in compliance with Federal or District of Columbia law.

30.     Defendants cannot meet their burden of an affirmative showing to avoid the imposition of liquidated damages.

31.     In addition to his unpaid overtime wages, Plaintiff is entitled to liquidated damages in an equal amount.

32.     The FLSA and DCMWA are "fee shifting" statutes, directing an award of payment of attorney's fees and costs by Defendants to Plaintiff.

33.     Plaintiff is entitled to payment, by Defendants, of his attorney's fees and costs.

### CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act
(Overtime)**

34.     Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

35.     The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

36.     At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and both of the Defendants were Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

37.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate for all hours worked per week in excess of forty (40).

38.     As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours each week.

39.     As set forth above, Defendants failed to pay Plaintiff wages at the required FLSA overtime rate for all overtime hours worked each week in excess of forty (40).

40.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable

attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

41.     Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

42.     Plaintiff was Defendants' "employee," and both of the Defendants were Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

43.     Defendants, as Plaintiff's employer under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

44.     As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours each week.

45.     As set forth above, Defendants failed to compensate Plaintiff wages at the required DCMWA overtime rate for all overtime hours worked each week in excess of forty (40).

46.     Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*